UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA BELECHE,<br><br>                              Plaintiff,<br><br>v.<br><br>DIVERSIFIED RECOVERY BUREAU, LLC and DOES 1 thorough 10,<br><br>                              Defendants. | Case No.:  19cv2472-JAH (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 2]** |

## INTRODUCTION

Pending before the Court is Defendant Diversified Recovery Bureau's ("Defendant") motion to dismiss Plaintiff Alejandra Beleche's ("Plaintiff") complaint. *See* Doc. No. 2. Plaintiff failed to oppose Defendant's motion. Having carefully considered Defendant's motion and Plaintiff's failure to oppose the motion, which the Court construes as consent to grant the motion's requests, the Court hereby **GRANTS** Defendant's unopposed motion to dismiss.

## BACKGROUND

On November 19, 2019, Plaintiff filed a complaint in California Superior Court, County of San Diego, alleging violations of the Rosenthal Fair Debt Collection Practices Act; the Fair Debt Collection Practices Act; and the Telephone Consumer Protection Act. Doc. No. 1-3 at 6. On December 24, 2019, Defendant's subsequently removed this action to the United States District Court, Southern District of California. *See generally* Doc. No. 1. Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim.

1

Doc. No. 2. Plaintiff failed to respond to the motion. To date, Plaintiff has taken no action in the case. The motion was set for a hearing, but the hearing date was vacated as the Court deemed the motion suitable for adjudication without oral argument. Doc. No. 3.

## DISCUSSION

Defendant seeks to dismiss the instant action for failure to state a claim as Plaintiff's claims are subject to a mandatory, binding arbitration pursuant to an agreement between Plaintiff and the original creditor. Doc. No. 2.

Southern District of California Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Moreover, Local Rule 7.1.f.3.a states that any party choosing not to oppose a motion must file a written statement that he does not oppose the motion or otherwise request for ruling by the court. "If an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." *See* Local Rule 7.1.f.3.c.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond. *See Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) (affirming dismissal for failure to timely file opposition papers). Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Defendant attached a Certificate of Service with their motion to dismiss, representing that Defendant timely served Plaintiff with their motion. Doc. No. 2 at 12. Plaintiff was provided adequate and sufficient time to prepare a written opposition to Defendant's motion, and Plaintiff did not file an opposition. Plaintiff's failure to comply with filing deadlines only favors granting Defendant's motion to dismiss in the interest of

expeditious resolution. While public policy generally favors the disposition of cases on their merits, the Court finds the second *Ghazali* factor weighs in favor of dismissal as Plaintiff fails to defend his complaint against a Rule 12 motion. Plaintiff offers no excuse for failing to amend his complaint or respond to Defendant's motion to dismiss. The Court finds the third *Ghazali* factor also weighs in favor of dismissal as significant delay in the resolution of this matter prejudices Defendant. Finally, with respect to whether less drastic measures have been considered; the Court will dismiss the action without prejudice. Thus, the Court finds the factors weigh in favor of granting Defendant's motion to dismiss.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Defendant's unopposed motion to dismiss [Doc. No. 2] is **GRANTED.**
2. Plaintiff's complaint is **DIMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED: September 28, 2020

_____
Hon. John A. Houston
United States District Judge